Filed 2/5/24  P. v. Ruskauff CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEVIN MICHAEL RUSKAUFF,<br><br>        Defendant and Appellant. | A166516<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-742035-1,<br>SCR-741742-1) |

Defendant Kevin Michael Ruskauff appeals from the sentence imposed after he entered no contest pleas in separate criminal cases.  Defendant contends the trial court erred, and defense counsel was ineffective, in failing to address Penal Code section 1170, subdivision (b)(6)(A) (§ 1170(b)(6)(A)), which provides a rebuttable presumption in favor of the lower term if the defendant "has experienced psychological, physical, or childhood trauma" that "was a contributing in the commission of the offense."  He also requests a modification of the abstract of judgment.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Case No. SCR-741742-1*

In September 2020, Jane Doe reported to a police officer that defendant had threatened to kill her and her son in voice messages and texts sent from

1

12 to 15 different phone numbers. After the officer attempted to call defendant, he too began receiving threatening calls and texts; defendant threatened to kill the officer and his family.

The Sonoma County District Attorney charged defendant with making criminal threats to Doe (Pen. Code,[1] § 422, subd. (a); count 1) and obstructing an officer by means of threat (§ 69, subd. (a)); count 2). Defendant was also alleged to have a prior conviction that qualified as a strike (§ 667, subds. (d) and (e)) and serious felony conviction (§ 667, subd. (a)) (§ 667(a)).

In October 2020, the trial court suspended criminal proceedings pursuant to section 1368.

*Case No. SCR-742035-1*

A few days after the court declared a doubt about his competence to stand trial in Case No. SCR-741742-1, defendant barricaded himself in his jail cell. When an emergency response team tried to enter his cell, defendant threw a pitcher of urine and feces at the three deputies, hitting all three in the face.

As a result of this incident, defendant was charged with three counts of battery by gassing (§ 243.9, subd. (a)) with allegations of a prior strike and serious felony conviction. The trial court again suspended criminal proceedings pursuant to section 1368.

*Commitment and Restoration to Competence*

In both cases, the trial court found defendant not competent to stand trial and ordered him committed to the state hospital. At Napa State Hospital, defendant was diagnosed with "schizophrenia, multiple episodes" and prescribed psychotropic medication.

---

[1] Undesignated statutory references are to the Penal Code.

2

In March 2022, a hospital psychologist found defendant competent to stand trial. The psychologist reported that defendant "experienced a significant change in mental status" while compliant with his medication; defendant was now able "to have a meaningful bilateral conversation without the interference of symptoms of mental health."

The trial court found defendant competent and reinstated both criminal proceedings.

*Plea*

On the day jury selection was scheduled to begin in both cases, defendant entered an open plea of no contest to all charges and prior conviction allegations in Case No. SCR-741742-1 and Case No. SCR-742035-1. Defendant also stipulated to the following aggravating circumstances in both cases: "under Rule 4.421, factor (a)(1), the crime involved great violence, great bodily harm, threat of great bodily harm or other acts disclosing a high degree of cruelty, viciousness or callousness, and factors under (b)(1), the defendant has engaged in violent conduct that indicates a serious danger to society, (2), the defendant's prior convictions as an adult or sustained petitions as a juvenile are numerous or of increasing seriousness, (3), the defendant has served a prior term in prison or county jail under Section 1170(h), (4), the defendant was on probation, mandatory supervision, post release community supervision or parole when the crime occurred, and, (5), the prior performance on probation, mandatory supervision, post release community supervision or parole was unsatisfactory."

*Sentencing*

In August 2022, defense counsel filed a sentencing memo in which he (1) invited the court to strike defendant's prior strike conviction (*Romero*[2] motion) and dismiss the section 667(a) enhancement and (2) identified mitigating factors. Counsel asked the court to find defendant outside the spirit of the Three Strikes law, noting his current offenses "were clearly the result of a mental illness." He argued dismissal of the section 667(a) enhancement was warranted because, among other things, "[t]he current offense is connected to mental illness," quoting section 1385, subdivision (c)(2)(D). And counsel urged the court to impose the lower term because "defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime," quoting California Rules of Court, rule 4.423(b)(2).[3]

At the sentencing hearing on August 31, 2022, the trial court denied the request to dismiss the strike, citing defendant's extensive criminal history, but it granted the request to dismiss the five-year enhancement under section 667(a), "based on the clear mental health situation."

The trial court found the stipulated aggravating factors did, "in fact, apply" and found as a mitigating factor "that the defendant was suffering a mental condition that significantly reduced his culpability." The court determined the aggravating and mitigating factors were "in balance" and imposed a middle term for the principal term.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] The prosecution filed an opposition to the *Romero* motion and statement in aggravation. The probation officer filed a report documenting defendant's lengthy criminal history and recommending the upper term and a total sentence of 19 years, eight months.

4

The trial court sentenced defendant to 12 years, eight months in prison composed of six years (the middle term of three years doubled due to the prior strike conviction) for one count of gassing (count 1 in Case No. SCR-742035-1); two consecutive two-year terms (one-third the middle term doubled) for the other two gassing offenses (counts 2 and 3 in Case No. SCR-742035-1); a consecutive 16 months (one-third the middle term of two years doubled) for making criminal threats (count 1 in Case No. SCR-741742-1); and a consecutive 16 months (one-third the middle term of two years doubled) for obstructing an officer (count 2 in Case No. SCR-741742-1).

## DISCUSSION

A.    *Failure to Address Section 1170(b)(6)(A)*

1.    <u>The Law</u>

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) (S.B. 567) amended the determinate sentencing law, section 1170, in several respects. Previously, the law granted trial courts "broad sentencing discretion to determine whether the imposition of the lower, middle, or upper term 'best serve[d] the interests of justice.' " (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1056.) But S.B. 567 established "a presumption of the lower term" in certain specified circumstances. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; Stats. 2021, ch. 731, §§ 1.3, 3(c), adding § 1170, subd. (b)(6).)

As relevant to defendant's claims, section 1170, subdivision (b)(6), now provides, "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological,

5

physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

    2.    <u>Defendant's Claim of Trial Court Error is Forfeited</u>

Defendant asserts the trial court erred in "fail[ing] to address the presumption of a lower term as statutorily required in light of the schizophrenia contributing to [his] offense conduct." However, the provision defendant relies on, section 1170(b)(6)(A), refers to different types of "trauma," including "psychological" trauma; it does not create a presumption in favor of the lower term whenever mental illness contributed to the commission of the offense. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 777 (*Tilley*).) Defendant seems to assume that debilitating mental illness, by itself, automatically qualifies as psychological trauma, but he offers no argument for this assumption, which is contrary to the language of the statute and case law. (See *id.* at pp. 775, 777 [rejecting claim that the sentencing court should have considered the defendant's "mental health problems" under section 1170(b)(6)(A); the statute "does not require the court to impose the lower term because of defendant's mental illness, but for psychological trauma" and mental illness alone does not create a lower term presumption].)

Defendant relies on *People v. Banner* (2022) 77 Cal.App.5th 226 (*Banner*), but he misunderstands that case. In *Banner*, the Court of Appeal recognized that "psychological trauma based on mental illness may be a circumstance qualifying for the lower term," but emphasized, "we do not hold mental illness *alone* qualifies for the lower term presumption." (*Id.* at p. 241, italics added.) Under *Banner*, a defendant may invoke section 1170(b)(6)(A) based on mental illness only if the defendant's mental illness resulted in psychological trauma and "*that* trauma . . . contribute[d] to the crime." (*Ibid.*)

6

Here, defendant's sentencing memo was filed over eight months after S.B. 567 came into effect, and the trial court sentenced him the same month. Yet, defendant did not request the lower term based on section 1170(b)(6)(A). Defense counsel never argued that defendant's mental illness caused him to experience psychological trauma or that psychological trauma contributed to the commission of the offenses. In this circumstance, defendant has forfeited his claim that the trial court failed to consider section 1170(b)(6)(A). (See *Tilley*, *supra*, 92 Cal.App.5th at p. 778 [where the defendant "did not seek the lower term based on section 1170, subdivision (b)(6); object to the imposition of the middle term; or argue that [he] suffered any psychological trauma as a result of mental illness" his claim based on section 1170(b)(6)(A) was forfeited]; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043–1044 [failure to raise S.B. 567's amendments to section 1170 after revocation of probation months after S.B. 567 went into effect forfeited appellate claim for resentencing under the amended statute].)

We reject defendant's argument that forfeiture should not apply because the trial court misapprehended its sentencing obligations. Nothing in the record suggests the trial court misunderstood the law. Also unavailing is defendant's claim that defense counsel's many references to defendant's mental illness and its severity sufficiently put the trial court on notice that section 1170(b)(6)(A) was at issue. This argument again incorrectly assumes that mental illness alone could qualify as psychological trauma under the provision.

3.     Defendant Fails to Show Ineffective Assistance of Counsel

Next, defendant contends defense counsel was ineffective in failing to argue section 1170(b)(6)(A) applies. This contention fails on direct appeal.

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [habeas corpus is the more appropriate procedure to address an ineffective assistance of counsel claim because it may include evidence of an attorney's reasons for making the complained-of decision, which is outside the appellate record].)

Defense counsel was not asked why he did not raise section 1170(b)(6)(A) at sentencing, and a possible explanation for his omission is he reasonably believed it did not apply in this case. While there is clear evidence that defendant has schizophrenia and that his offenses were connected to his mental health issues, we cannot say the record shows he experienced psychological trauma based on his mental illness or that any such trauma contributed to his crimes. (See *Banner*, *supra*, 77 Cal.App.5th at p. 241.) Where "the appellate record does not disclose what mitigating evidence was available that was not presented, or what reasons defense counsel may have had for not presenting it," we do not presume counsel was ineffective. (*People v. Anderson* (2001) 25 Cal.4th 543, 598.) Any claim of ineffective assistance based on defense counsel's failure to raise section 1170(b)(6)(A) must be made in habeas proceedings. (See *ibid*. [" ' "On a silent record, as we have here, we will not assume that the defense counsel's failure to present mitigating evidence rendered his assistance ineffective. Any

8

assertion that counsel was inadequate in this regard must be raised on habeas corpus." ' "].)

B. *Abstract of Judgment*

The abstract of judgment reflects assessments of $80 for court operations per section 1465.8 and $60 for conviction assessments under Government Code section 70373.  Defendant argues the abstract of judgment must be modified because the trial court orally imposed $40 for court operations and $30 for the conviction assessment.  We disagree.

The trial court first imposed the prison terms for the gassing convictions in Case No. SCR-742035-1 and next imposed the terms for the convictions in Case No. SCR-741742-1.  The court then ordered fines and fees as follows: "Restitution fine *in each of the cases* in the amount of $330 per 1202.4 of the Penal Code.  An additional restitution fine of $330 per 1202.45 of the Penal Code is suspended unless parole is revoked.  $40 court security fee per Penal Code Section 1465.8 and a $30 criminal conviction fee pursuant to Government Code Section 70373 is ordered."

The minute order for Case No. SCR-742035-1 reflects that the court ordered defendant to pay "$40 Court Security Fee" and "$30 Criminal Conviction Fee," and the minute order for Case No. SCR-741742-1 reflects the same assessments.

When "reporter's and clerk's transcripts are in conflict," the record " 'will be harmonized if possible.' " (*People v. Smith* (1983) 33 Cal.3d 596, 599.)  Here, the reporter's transcript, minute orders, and abstract of judgment can be harmonized by reading the trial court's imposition of assessments as applying in *each* of the two cases.  Thus, the trial court ordered defendant to pay a $40 court security assessment in Case No. SCR-742035-1 and another $40 court security assessment in Case No. SCR-

9

741742-1 for a total assessment of $80 as reflected in the abstract of judgment. Likewise, defendant is to pay a $30 conviction assessment in Case No. SCR-742035-1 and another $30 conviction assessment in Case No. SCR-741742-1 for a total assessment of $60 as reflected in the abstract of judgment. No correction to any part of the record is necessary.

## DISPOSITION

The judgment is affirmed.

 

 

 

_____
Miller, J.


WE CONCUR:


_____
Stewart, P.J.


_____
Richman, J.


A166516, *People v. Ruskauff*